```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Scott D. Farah

   v.                                    Civil No. 16-cv-466-PB

United States


**REPORT AND RECOMMENDATION**

On December 6, 2016, this Court denied petitioner Scott D. Farah's Fed. R. Civ. P. 59(e) motion for relief from the judgment of dismissal of this case.  Before the court is Farah's motion (Doc. No. 10) to proceed in forma pauperis ("IFP") in his appeal of the December 6, 2016 Order.


**Background**

Farah is presently serving a sentence imposed in January 2011, pursuant to his guilty plea in this court.  See United States v. Farah, No. 1:10-cr-044-PB-1 (D.N.H. Jan. 25, 2011) (ECF No. 34).  Farah did not appeal that sentence.

In 2014, Farah, proceeding pro se, filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255.  The court denied the § 2255 motion and dismissed that proceeding, for reasons stated in the government's motion to dismiss in that case.  See Farah v. United States, No. 1:14-cv-346-PB (D.N.H.

Jan. 14, 2015). Those reasons were that Farah's first § 2255 motion was barred by the one-year statute of limitations applicable to § 2255 motions. See Mot. to Dismiss, Farah v. United States, No. 1:14-cv-346-PB (D.N.H., filed Dec. 23, 2014) (ECF No. 4).

After Farah, again proceeding pro se, filed the § 2255 motion in this case, this court sua sponte found that Farah had not obtained the required certification from the First Circuit to file a second or successive § 2255 motion, and, accordingly, dismissed the matter, without prejudice, for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 2255(h). See Oct. 27, 2016 Order (Doc. No. 4). The court specifically declined to issue a certificate of appealability, see id., and judgment was entered.

Farah then moved to amend the judgment (Doc. No. 6), pursuant to Fed. R. Civ. P. 59(e), arguing that when he filed his first § 2255 motion pro se in 2014, he did not understand the implications of labelling that matter as a § 2255 motion. He further argues that the court in the 2014 case should have issued a warning, under Castro v. United States, 540 U.S. 375 (2003), granting him an opportunity to withdraw his first § 2255 motion before the court dismissed it as untimely. See Doc. No. 6. This court denied the Rule 59(e) motion on Dec. 6, 2016.

Farah filed a notice of appeal, and now seeks leave to proceed in forma pauperis in that appeal (Doc. No. 10).

### Discussion

In determining whether an applicant may proceed on appeal without pre-paying the filing fee, pursuant to 28 U.S.C. § 1915(a) and Fed. R. Civ. P. 24(a), this court considers, among other things, the applicant's objective good faith.  See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).  An appeal is frivolous if it lacks any rational, arguable basis in law or fact.  See Santiago-Lugo v. United States, 94 F. Supp. 3d 156, 158 (D.P.R. 2015).

Farah's appeal is frivolous.  Farah's argument that this court erred in treating his self-styled § 2255 motion as a § 2255 motion is not rational as a matter of fact.  His derivative legal argument is frivolous, in asserting that a Castro warning should have issued before the court in 2014 treated that motion as a first § 2255 petition, in accordance with the caption Farah had given it.  Cf. Castro v. United States, 540 U.S. 375, 383 (2003) (duty to warn arises when court "recharacterizes" pro se prisoner's motion as § 2255 motion); Raineri v. United States, 233 F.3d 96, 100 (1st Cir. 2000) (same).  Accordingly, the district judge should certify that this appeal is not taken in good faith, pursuant to 28 U.S.C. §

1915(a)(3), and should deny Farah's motion (Doc. No. 10) to proceed IFP on appeal.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Andrea K. Johnstone
　　　　　　　　　　　　　　　　United States District Judge

January 27, 2017

cc: Scott D. Farah, pro se
　　Seth R. Aframe, Esq.